By the Court.
The original action was brought under section 182 of the act to provide for the settlement of the estates of deceased persons (S. & C. 601). Section 185 provides that “ such suit shall beNrought in the court in which the bond is filed.” ...
In Dawson v. Dawson, 25 Ohio St. 443, it was held that this provision had reference, when the act was passed, to the court of common pleas, and that the subsequent creation of the probate court, and the investing it with probate jurisdiction, did not transfer the authority to entertain such suits from the court of common pleas to the probate court.
The jurisdiction, therefore, to entertain such suit, still remains in the court of common pleas of the county in which the bond is filed.
• The jurisdiction of justices of the peace to entertain such suits is not inhibited by the provision in section 10 of the justices’ act (S. & C. 772), which provides that justices shall not have cognizance of actions against officers for misconduct in office, except in the cases provided for in the act; but the inhibition is found in section 185, above referred to, of the administration law.
The policy of the pi’ovision seems to be the same as that found in section 47 of the code, which requires an action on the official bond of a public officer to be brought in the county where the cause of action, or some part thereof arose.
We are of opinion, therefore, that the justice of the peace, was not authorized to entertain the action.
Leave granted; the judgments of the district court, of the court of common pleas, and of the justice reversed, and the action dismissed.